**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FREDDIE LEE TAYLOR,

          Petitioner-Appellee,

v.

RON DAVIS, Warden,

          Respondent-Appellant.

No. 16-99013

D.C. No. 3:92-cv-01627-EMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted December 10, 2018
San Francisco, California

Before: IKUTA, HURWITZ, and FRIEDLAND, Circuit Judges.

The State appeals the district court's order holding that a retrospective

competency hearing would not cure the due process violation of the trial court's

failure to conduct a competency hearing. Because Taylor filed his federal habeas

petition before the Antiterrorism and Effective Death Penalty Act (AEDPA) went

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

into effect, AEDPA does not apply to the merits of this appeal. *Correll v. Ryan*, 539 F.3d 938, 941–42 (9th Cir. 2008). We have jurisdiction under 28 U.S.C. § 2253(a).

We review a challenge to the grant of a habeas petition de novo, *McKenna v. McDaniel*, 65 F.3d 1483, 1490 (9th Cir. 1995), but review a challenge to the district court's remedy ruling for abuse of discretion, *Chioino v. Kernan*, 581 F.3d 1182, 1184 (9th Cir. 2009); *see also Johnson v. Uribe*, 700 F.3d 413, 424 (9th Cir. 2012). Because the state does not challenge the district court's ruling that Taylor's due process rights were violated when the state court failed to hold a competency hearing sua sponte, we review only the remedy ordered.

The district court did not abuse its discretion in determining that a retrospective competency hearing was not feasible. The district court considered the two most significant factors in determining whether a retrospective competency hearing is permissible: "the passage of time and the availability of medical reports contemporaneous to the time of [trial]." *McMurtrey v. Ryan*, 539 F.3d 1112, 1131 (9th Cir. 2008). The district court's conclusion that it was infeasible to conduct a retrospective competency hearing, given the passage of 30 years from the date of the trial and the paucity of contemporaneous medical evidence regarding Taylor's competency, was not "illogical, implausible, or without support in . . . the record."

2

*United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

Although we have allowed state courts to determine whether a retrospective competency hearing is feasible in the first instance, we have never held that a district court is required to do so. *Stanley v. Cullen*, 633 F.3d 852, 864 (9th Cir. 2011) ("[R]ather than remanding to the state court we have sometimes determined for ourselves whether an after-the-fact competency hearing in state court would be feasible or appropriate. However, we have sometimes left the decision to the state court whether to hold such a hearing or trial." (citation omitted)).[1]

**AFFIRMED.**

---

[1] We deny as moot Taylor's motion to take judicial notice.